**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **RACHEL McFARLAND,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO.:** |
| **v.** | ) | |
| | ) | __20-cv-259__ |
| **BELOTE FOOD, INC., d/b/a ZAXBY'S,** | ) | |
| **and SPRINGHILL RESTAURANT,** | ) | |
| **LLC, d/b/a ZAXBY'S,** | ) | |
| | ) | **JURY DEMAND** |
| | ) | |
| **Defendant.** | ) | |

**COMPLAINT**

## I.   INTRODUCTION

1.     This is an action for declaratory judgment, equitable relief, and money damages, instituted to secure the protection of and to redress the deprivation of rights secured through: (a) Title VII of the Act of Congress commonly known as "The Civil Rights Act of 1964," 42 U.S.C. §§ 2000(e) et seq. as amended by "The Civil Rights Act of 1991," 42 U.S.C. § 1981a (hereinafter "Title VII"), incorporating therein the Pregnancy Discrimination Act of the Civil Rights Act of 1964, which provides for relief against discrimination in employment on the basis of sex and retaliation; and (b) violations of Title I of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101 et. seq., 42 U.S.C. § 12203 (the antiretaliation provision of the ADA). The plaintiff seeks compensatory, liquidated, and punitive damages, and requests a jury trial pursuant to 42 U.S.C. § 1981a.

## II.   JURISDICTION AND VENUE

2.     Plaintiff believes that this Court has jurisdiction in accordance with 28 U.S.C. § 1331, 29 U.S.C. §2617, 28 U.S.C. § 2201 and 2202, 29 U.S.C. § 794a, and 42 U.S.C. § 12133.

3.      The unlawful employment practices alleged herein below were committed by the Defendant within Mobile County, Alabama.  Venue is proper pursuant to 28 U.S.C. § 1391and 42 U.S.C. § 2000e-5(g).

4.      Plaintiff has fulfilled all conditions precedent to the institution of this action including those statutory requirements under Title I of the ADA, and Title VII.  Plaintiff timely filed her charge of discrimination within 180 days of occurrence of the last discriminatory act.  Plaintiff also timely filed this complaint within 90 days of the receipt of a Notice of Right To Sue issued by the Equal Employment Opportunity Commission

**III.     PARTIES**

5.      Plaintiff, Rachel McFarland (hereinafter "McFarland" or "Plaintiff"), is a female citizen of the United States and a resident of the State of Alabama.

6.      Plaintiff was a qualified individual under the Americans with Disabilities Act in that she has physical impairments which substantially limited one or more of her major life activities, and/or was perceived as having a disability which substantially limits her major life activities, and/or has a history of having such disabilities. 42 U.S.C. § 12102, 42 U.S.C. § 12131, 29 U.S.C. § 706.

7.      Defendant, Belote Food, LLC, d/b/a Zaxby's, is an Alabama company doing business in Mobile County, Alabama, and employs 15 or more employees.

8.      Defendant, Springhill Restaurant, LLC, d/b/a Zaxby's, is an Alabama company doing business in Mobile County, Alabama, and employs 15 or more employees.

9.      The Defendants are employers pursuant to  42 U.S.C. § 12111(5); and within the meaning of 42 U.S.C. § 2000e(a) and (b).

10.     At all times relevant to Plaintiff's claims the Defendants acted as the Plaintiff's single employer, and/or joint employer, and/or agents of one another with respect to the Plaintiff's employment.

11.     At all times relevant to Plaintiff's claims the Defendants employed fifteen (15) or more employees.

## IV.     FACTUAL ALLEGATIONS

12.     The Plaintiff has been employed by the Defendants, owned by Reggie Belote, since June 19, 2018.  Prior to this she had worked for corporate Zaxby's in North Alabama since 2013.

13.     During the Plaintiff's employment with the Defendants she worked for and received pay from Belote Food, LLC, d/b/a Zaxby's and from Springhill Restaurant, LLC, d/b/ a Zaxby's both of which are owned and operated by Charles "Reggie" Belote and consist of five Zaxby's stores in the Mobile, Alabama, area.

14.     Plaintiff reported to Joanna Belote (District Manager of all Belote owned stores), and to Cam Belote (Office Manager).

15.     The Plaintiff began working for Belote's Zaxby's franchises at the Cottage Hill location in Mobile, Alabama, on June 19, 2018.

16.     About a month later the Plaintiff was promoted to Assistant Manager and moved to the Schillinger store location.

17.     Around November 2018 the Plaintiff was promoted to General Manager and moved to the Springhill store location.

18.     Plaintiff is a person with a disability, and/or perceived as having a disability, and/or having a record of a disability she suffers from the medical condition of arthritis and has received

3

treatment for same with physicians during her employment at Zaxby's.

19.     When the Plaintiff's medical condition flares up she is limited in her ability to bend, stand, and walk.

20.     However, with or without reasonable accommodations she was able to perform and did perform her job duties with the Defendants.

21.     While Plaintiff was the General Manager at the Springhill location she became pregnant, but suffered a miscarriage in December 2018.

22.     In December 2018, the Plaintiff was moved back to the Schillinger store location as General Manager.

23.     Shortly after being moved back to the Schilinger store, the Plaintiff became pregnant again.

24.     Plaintiff immediately notified Joanna Belote and Cam Belote, as well as her store employees, of her pregnancy.

25.     As part of the Plaintiff's job included putting up boxes from the trucks, it was worked  out where her store employees did this lifting and moving in light of her pregnancy and lifting limitations. This reasonable accommodation caused no hardships and worked out fine.

26.     The Plaintiff's pregnancy exacerbated her arthritic medical condition resulting in her left leg swelling, pain in her knees and back, and making it difficult for her to stand and walk.

27.     Plaintiff continued to received medical care and treatment for this condition throughout her pregnancy.

28.     As a result, around February/March 2019 the Plaintiff's doctor limited her to working only forty (40)  hours per week.  Plaintiff provided her doctor's note with limitations to Joanna

4

Belote and requested this reasonable accommodation due to her condition and it was granted.

29.     On May 1, 2019, the Plaintiff's doctor advised her that due to her ongoing medical conditions that he may have to place her on maternity leave/bed rest at her next scheduled visit of June 6, 2019. Plaintiff informed Joanne Belote of this on May 3, 2019.

30.     The following day, May 4, 2019, Joanna Belote called the Plaintiff to meet with she and Jeremy (another General Manager). In this meeting Joanne Belote informed the Plaintiff that she was being demoted to Assistant Manager.  Plaintiff was informed that she was being demoted because of alleged "food costs," and that she needed to let Joanna Belote know by 10:00 the next day whether she was taking the demotion or leaving her employment.

31.     This demotion meant that Plaintiff would go from the General Manager position making $40,000.00 in salary with health benefits and six (6) weeks of paid maternity leave to the Assistant Manager position making $11.00/hour at reduced hours, with no benefits, and no maternity leave options.

32.     That evening of May 4, 2019, the Plaintiff emailed Joanna Belote requesting to meet and discuss the alleged reasons for the demotion as almost every General Manager in the franchise had food cost issues and the Plaintiff's food costs were no worse than anyone else's in the market. Plaintiff received no reply to her email request.

33.     Every single store location in the operations had food cost issues–this was not something unique to Plaintiff's location. The only Manager that appeared to understand food costs at all was Jeremy at the Tillman's Corner location, and his was the only store that sometimes met food costs.  Yet Plaintiff was the only person demoted.

34.     The next morning Plaintiff also texted Joanna Belote requesting that they talk about the matter. She also sent another email to both Joanna Belote and Cam Belote explaining that she felt the demotion was unfair because none of the other stores had met Food Costs either.  Plaintiff received no responses from either of them.

35.     Plaintiff called Cam Belote about the demotion and asked why she was singled out when none of the other stores met Food Costs.  Cam Belote told her to take a week and think about it and that if she wanted to remain employed in the demoted position of Assistant Manager that they would continue to pay her insurance during her pregnancy.

36.     On or about May 15, 2019, the Plaintiff told Cam Belote that she would continue working as an Assistant Manager.  He told hr she could start working at their Cottage Hill store location.  He then told her that since she was working as Assistant Manager that she would have to pay for her insurance.

37.     Plaintiff questioned this as she would only be making $11.00/hour at reduced hours and he had previously told her that the company would cover this through her pregnancy. Cam Belote then said they would cover her insurance temporarily through the end of August 2019.

38.     However, the Plaintiff remained demoted. She returned to work as Assistant Manager at the Cottage Hill location on May 20, 2019.

39.     During the Plaintiff's June 6, 2019, doctor's appointment she was informed that she would need to go on bed rest due to her medical conditions.

40.     Plaintiff informed Joanna Belote of this and she replied that they would give me maternity leave for six (6) weeks but only at the reduced hour/wage rate of pay for my demoted position.

41.     As a result of the Defendant's demotion of Plaintiff and reduction in pay and hours, she was constructively discharged in September 2019, as she could no longer reasonably continue to work under such terms in light of fuel, travel, and child care expenses.

42.     Plaintiff's treatment at work including her demotion, loss of benefits, and constructive discharge constitutes illegal discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, the Pregnancy Discrimination Act of 1978, as amended, and the Americans with Disabilities Act of 1990, as amended.

43.     Plaintiff was discriminated against on the basis of her disability and in relation to her request for accommodation of same by being demoted, having her pay and hours reduced, and being denied employment benefits to which she was otherwise entitled; thus resulting in her constructive discharge.

44.     Plaintiff was discriminated against on the basis of her pregnancy by being demoted, having her pay and hours reduced, and being  denied employment benefits to which she was otherwise entitled; thus resulting in her constructive discharge.

45.     Upon information and belief, similarly situated employees who were not pregnant were not subjected to such demotion, pay and hour reductions, and denial of full benefits.

46.     Upon information and belief, similarly situated employees who do not suffer from a disability, are not perceived as suffering from a disability, and/or do not have a record of a disability were not subjected to such demotion, pay and hour reductions, and denial of full benefits.

47.     Upon information and belief, similarly situated employees who had not requested accommodations under the ADA were not subjected to such demotion, pay and hour reductions, and denial of full benefits.

48.     As the result of the defendant's conduct the plaintiff was deprived of income and other benefits due her.  She also suffered embarrassment, humiliation, inconvenience, and mental distress.

49.     Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this suit for a declaratory judgment, backpay, an injunction, and compensatory, liquidated, and punitive damages is her only means of securing adequate relief.

50.     Plaintiff is suffering and will continue to suffer irreparable injury from the defendants' unlawful conduct as set forth herein unless enjoined by this Court.

**V.     CAUSES OF ACTION**

**COUNT I –DISCRIMINATION IN VIOLATION
OF THE AMERICANS WITH DISABILITIES ACT**

51.     The Plaintiff is a qualified person with a disability, has a history of disability and/or is perceived as disabled pursuant to 42 U.S.C. § 12102, and 29 U.S.C. § 706.

52.     Despite the Plaintiff's disabilities, with or without reasonable accommodations, the Plaintiff was able to perform the essential functions of her job as General Manager.

53.     Plaintiff was subjected to unlawful discrimination by the defendants based on her disability and/or perceived and/or record of a disability including, but not limited to, being denied reasonable accommodations, being demoted, having her pay rate and hours reduced, and being denied full benefits to which she as entitled; which resulted in the Plaintiff's constructive discharge.

54.     At the time of this unlawful activity the defendants had knowledge that the Plaintiff suffered from an actual or perceived disability and/or had a record of a disability.

55.     The defendants intentionally, willfully and with reckless indifference discriminated against the plaintiff in the terms, conditions, benefits of her employment including, but not limited to, her demotion, wages, hours, benefits, constructive discharge, and the responsibilities and duties of her employment because of her status as a person with a disability.

56.     Defendants, by their discriminatory treatment of the Plaintiff, have intentionally, willfully, with deliberate indifference and without justification deprived plaintiff of her federally protected rights, as described herein.  This deprivation violates plaintiff's rights under the Americans with Disabilities Act.

57.     The defendants' conduct as described above caused the plaintiff emotional distress, mental anguish, loss of enjoyment of life, inconvenience, and humiliation.

58.     The plaintiff seeks to redress the wrongs alleged herein in this suit for lost wages, lost benefits, an injunction and a declaratory judgment.  The plaintiff is now suffering and will continue to suffer irreparable injury from the defendants' unlawful policies and practices as set forth herein unless enjoined by this Court.

## COUNT II- SEXUAL DISCRIMINATION
## IN VIOLATION OF TITLE VII[1]

59.     As discussed above, plaintiff was wilfully and maliciously discriminated against on the basis of her sex and her status as a pregnant female with respect to the terms, conditions, benefits and privileges of her employment.

60.     Specifically, the Plaintiff was denied leave time/accommodation, was demoted, had her pay rate and hours reduced, and was denied full benefits to which she was entitled; resulting in

---

[1] Plaintiff's reference to Title VII includes the Pregnancy Discrimination Act of the Civil Rights Act of 1964, incorporated therein.

her constructive discharge.

61.     The unlawful conduct of the defendants as described above was done with malice and/or reckless disregard of and/or deliberate indifference to the plaintiff's federally protected rights.

62.     The defendants' conduct as described above caused the plaintiff emotional distress, mental anguish, loss of enjoyment of life, inconvenience, and humiliation.

63.     The plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for back-pay, injunctive relief, compensatory and punitive damages and a declaratory judgment is her only means of securing adequate relief.

64.     The plaintiff is now suffering and will continue to suffer irreparable injury from the defendants' unlawful conduct as set forth herein unless enjoined by this Court.

<u>**PRAYER FOR RELIEF**</u>

<u>**WHEREFORE,**</u> the Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1.     Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the defendants are violative of the rights of the plaintiff, as secured by Title VII, and by the Americans with Disabilities Act;

2.     Grant plaintiff a permanent injunction enjoining the defendants, their agents, successors, employees, attorneys and those acting in concert with the defendants and at the defendants' request from continuing to violate Title VII of the Act of Congress known as "The Civil Rights Act of 1964," as amended by "The Civil Rights Act of 1991,"; and the Americans with Disabilities Act;

3.     Grant the plaintiff an order requiring the defendants to make her whole by awarding her instatement into the position she would have occupied in the absence of the unlawful discrimination by the defendants with the same seniority, leave and other benefits of the position (or front pay), back pay (with interest), and by awarding her compensatory (ADA/Title VII), punitive (ADA/Title VII), and/or nominal damages, attorney's fees, costs, and expenses;

4.     Grant plaintiff her attorney's fees and costs; and

5.     Grant plaintiff such other relief as justice requires.


Respectfully submitted,


s/ Temple D. Trueblood
Temple D. Trueblood
Counsel for Plaintiff

OF COUNSEL:
WIGGINS CHILDS PANTAZIS
    FISHER & GOLDFARB, L.L.C.
The Kress Building
301 19th Street North
Birmingham, Alabama  35203
Telephone: (205) 314-0500
Facsimile: (205) 254-1500
ttrueblood@wigginschilds.com

Co-Counsel:
Edward L. D. Smith
Post Office Box 1643
Mobile, Alabama 36633
(251) 432-0447

**THE PLAINTIFF DEMANDS TRIAL BY STRUCK JURY ON ALL ISSUES TRIABLE TO A JURY.**

<u>s/ Temple D. Trueblood</u>
OF COUNSEL

**Plaintiff requests this Honorable Court to serve via certified mail upon each of the named defendants the following : Summons, Complaint.**

<u>**Defendants' Addresses:**</u>

**Belote Food, LLC, d/b/a Zaxby's**
**c/o Registered Agent**
**Mark J. Upton**
**30421 Hwy. 181**
**Daphne, AL 36526**

**Springhill Restaurant, LLC, d/b/a Zaxby's**
**c/o Registered Agent**
**Charles R. Belote**
**572 Azalea Road Suite 121**
**Mobile, AL 36609**

<u>s/ Temple D. Trueblood</u>
OF COUNSEL